# PETER HOVEN v. CHARLES L. HAAS COMMISSION COMPANY.[1]

February 21, 1913.

Nos. 17,655—(35).

**Sale on commission — decision sustained by evidence.**

Plaintiff consigned horses to defendant for sale on commission. Defendant sold the horses, and plaintiff brought this action, claiming that he instructed defendant not to sell at less than a stated price, which was larger than that received on the sale made, and seeking to recover damages. It is *held* that the decision of the trial court to the effect that no instructions as to price were given, and that the sale was made at the best price obtainable on the market, is sustained by the evidence.

Action in the district court for Ramsey county to recover $785. The facts are stated in the opinion. At the trial before Dickson, J., it was agreed in open court that the issues in the case are as here stated, notwithstanding anything in the pleadings to the contrary: Plaintiff claimed he instructed defendant to sell the horses for $160 a head, and not less, and the sale made by defendant was in violation of these instructions. Plaintiff claimed the right to recover the difference between $160 a head, less all expenses, and the price received. Defendant claimed it had no instructions to sell for not less than $160 a head, that it had the right to sell at the fair market value, and did sell at that value. The court made findings of fact and ordered judgment in favor of defendant. The substance of the

[1] Reported in 140 N. W. 110.

Note.—As to the right to commission where broker procures purchaser at price stated by his principal, but on slightly different terms in regard to cash or time of payment, and the owner refuses to consummate the sale, see note in 21 L.R.A. (N.S.) 935.

The question of the effect upon the right to commission, of fact that owner sells to broker's customer at reduced price, is the subject of annotation in 15 L.R.A.(N.S.) 272 and in 34 L.R.A.(N.S.) 1050.

findings is given in the opinion. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Halbert & Halbert,* for appellant.

*Durment, Moore & Sanborn,* for respondent.

BUNN, J.

Plaintiff, a dealer in live stock at Hoven, South Dakota, consigned 19 horses to defendant at South St. Paul for sale on commission. Defendant sold the horses for a total of $2,755, an average of $145 each. Plaintiff brought this action, claiming that he instructed defendant not to sell the horses for less than $160 each, and seeking to recover the difference between that price and the amount of the sale, and other damages. Defendant claimed that it had no instructions not to sell for less than $160 per head, and that it had a right to, and did, sell the horses at the fair market value thereof.

The trial court decided the issue of fact thus presented in favor of defendant, holding that plaintiff authorized defendant to sell the horses on the market for the best price obtainable, that he did not instruct defendant not to sell for less than $160 per head, that the price obtained was the highest market price for horses of that kind and grade on the day of the sale, and that it had not been shown that there was any higher market price for such horses at any time subsequent to the sale. Defendant having fully accounted to plaintiff for the money received from the sale, less its proper commission and expenses, the court found that plaintiff was not entitled to recover, and ordered judgment for defendant. Plaintiff moved for a new trial, and from an order denying such motion appealed to this court.

Two questions are argued in the briefs: (1) Does the evidence sustain the decision that plaintiff did not give instructions not to sell at less than $160 per head? (2) If such instructions were given, what is the measure of damages for a sale in violation thereof? Of course, if the first question is decided adversely to plaintiff's contention, the second question does not arise.

Plaintiff testified positively that on August 9, at South St. Paul, he told Mr. Haas, president of the defendant, that the least he would take for the horses was $160 per head, and that if he could

not get that he would ship them to Chicago. Haas testified with equal positiveness that plaintiff gave him no selling price. Plaintiff left South St. Paul on the evening of the 9th for Hoven, South Dakota. On his arrival there about 11 o'clock the following morning, he was handed a telegram from defendant reading:

"Can sell twelve horses hundred and sixty, round nineteen for twenty-six sixty. Answer."

Plaintiff immediately wired:

"Cannot accept your offer on the twelve horses, will be there Monday."

At about 2 o'clock on the same day plaintiff delivered to the agent at Hoven a second telegram to defendant, which read:

"Cannot sell horses less than one hundred sixty each for twenty head. Will be there Monday."

This message was sent at 3:45 p. m. on the same day, but was not received by defendant until after the sale of the 19 horses for $2,-755, which sale was made on the afternoon of the 10th and reported to plaintiff by telegram received at Hoven at 3:48 p. m. Defendant denied receiving the telegram sent at 11 a. m., and was corroborated by the testimony of the operator at South St. Paul, who was unable to find any record in his office showing the receipt of the telegram.

Clearly the evidence was insufficient to conclusively show the receipt by defendant of any telegram forbidding a sale at less than $160 per head before the sale was actually made, and warranted a decision that no such telegram was received prior to the sale. As the direct evidence was sharply in conflict, it was for the trial court to determine where the truth was. We hold that its decision that no instructions were given as to the price for which the horses were to be sold, and that they were sold for the best price obtainable, is sufficiently sustained by the evidence. Clearly the weight of the

evidence is not so manifestly and palpably against the decision as to justify our holding that it was an abuse of discretion to deny a new trial.

It is unnecessary to decide what would be the proper rule as to the measure of damages in case of a sale contrary to instructions.

Order affirmed.